1  Clay J. Christianson, Esq. (SBN 143024)
   KELLY JACKSON & CHRISTIANSON, LLP
2  100 B Street, Suite 430
   Santa Rosa, California 95401
3  (707) 578-7160
   (707) 578-7469/Facsimile
4
   Attorneys for Defendant
5       Debra Clasen

6  Eustorgio Perez
   Law Offices of Eustorgio Perez
7  1102 Scott Street, Suite A
   Laredo, Texas 78040
8  (956) 723- 2943
   (956) 723- 2944/Facsimile
9
   Attorneys for Defendant
10      Debra Clasen

11 R. Donald McNeil, Esq.
   Laura Liccardo, Esq.
12 Ferrari Ottoboni, LLP
   333 W. Santa Clara St., Ste 700
13 San Jose, CA 95113-1716
   (408) 280-0535
14 (408) 280-0151/Facsimile

15 Attorneys for Defendants
      Dawn Michelle Petitclerc and Tara Petitclerc
16

17                     UNITED STATES DISTRICT COURT
18              FOR THE NORTHERN DISTRICT OF CALIFORNIA
19                           SAN JOSE DIVISION
20

21 UNION SECURITY INSURANCE,                Case No.  C 06 06905 JW (RS)
22          Plaintiff,
23      v.                                  **AMENDED STIPULATION AND**
24                                          **JUDGMENT**
   DAWN MICHELLE PETITCLERC; TARA
25 PETITCLERC; and DEBRA CLASEN, et al.,
26          Defendants.
                                        /
27

28      Plaintiff in this matter, UNION SECURITY INSURANCE, interpled the life insurance

KELLY JACKSON &
CHRISTIANSON. LLP

JW CHAMBERS COPY
CASE NO.: C 06 06905 JW
DO NOT FILE

**FILED**

MAY 0 4 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

proceeds held on the life of Darwin Petticlerc [the "Interpled Funds"] to this United States District Court via institution of this action. The potential claimants to the Interpled Funds were named as defendants.

Plaintiff UNION SECURITY INSURANCE has secured a Stipulated Discharge and receipt of its attorneys fees in the amount of $4,500 from the Interpled Funds pursuant to the terms of that Stipulation and the ensuing Order of this Court.

The remaining parties to this litigation are defendants and cross-complainants against each other, Dawn Michelle Petitclerc and Tara Petitclerc on the one hand, and Debra Clasen on the other.

The remaining parties have entered into a **Settlement Agreement and Mutual Release** with respect to, *inter alia,* division of the remaining Interpled Funds, a true and correct copy of which is attached hereto and incorporated herein as **Exhibit A.**

Desiring a court decree and finality of this litigation,

IT IS HEREBY STIPULATED by and between, through their respective counsel, that Judgment be entered as follows:

1. That the Clerk of this Court issue a check to Debra Clasen and her attorneys, Eustorgio Perez, and Clay J. Christianson in the amount of $264,141.92 which currently represents seventy percent (70%) of the remaining Interpled Funds;

2. That the Clerk of this Court issue a check to Dawn Michelle Petitclerc and her attorney, R. Donald McNeil in the amount of $56,601.84 which currently represents fifteen percent (15%) of the remaining Interpled Funds;

3. That the Clerk of this Court issue a check to Tara Petitclerc and her attorney, R. Donald McNeil in the amount of $56,601.84 which currently represents fifteen percent (15%) of the remaining Interpled Funds;

4. That Debra Clasen is declared to be the lawful spouse of Darwin Petitclerc pursuant to the laws of the State of Texas;

5. That all personal property be distributed as set forth in Exhibit A;

6. That each side bear its own attorneys fees and costs.

KELLY JACKSON &
CHRISTIANSON, LLP

Dated: 4/9, 2007

FERRARI OTTOBONI CAPUTO & WUNDERLING, LLP

By _____
R. Donald McNeil
Attorneys for Defendants Dawn Michelle Petitclerc
and Tara Petitclerc

Dated: 4/11, 2007

KELLY JACKSON & CHRISTIANSON, LLP

By: _____
Clay J. Christianson
Attorneys for Defendant
Debra Clasen

Dated: 4/11, 2007

LAW OFFICES OF EUSTORGIO PEREZ

By _____
Eustorgio Perez
Attorney for Defendant
Debra Clasen

KELLY JACKSON &
CHRISTIANSON, LLP

Dated: _____, 2007          FERRARI OTTOBONI CAPUTO & WUNDERLING, LLP


                                   By_____
                                      R. Donald McNeil
                                      Attorneys for Defendants Dawn Michelle Petitclerc
                                      and Tara Petitclerc

Dated: _____, 2007          KELLY JACKSON & CHRISTIANSON, LLP


                                   By:_____
                                      Clay J. Christianson
                                      Attorneys for Defendant
                                      Debra Clasen

Dated: _____, 2007          LAW OFFICES OF EUSTORGIO PEREZ


                                   By_____
                                      Eustorgio Perez
                                      Attorney for Defendant
                                      Debra Clasen

KELLY JACKSON &
CHRISTIANSON, LLP

JUDGMENT

IT IS HEREBY ADJUDGED, ORDERED AND DECREED that judgment be and hereby is entered pursuant to the terms of the foregoing Stipulation and the Settlement Agreement and Mutual Release attached thereto as Exhibit A, which is incorporated in this Judgment.

IT IS FURTHER ORDERED that the Clerk of this Court shall issue checks whereby all remaining Interpled Funds are distributed to defendants as follows:

1.      The Clerk shall issue a check to Debra Clasen and her attorneys, Eustorgio Perez, and Clay J. Christianson in the amount of $264,141.92 or seventy percent (70%) of the remaining Interpled Funds;

2.      The Clerk shall issue a check to Dawn Michelle Petitclerc and her attorney R. Donald McNeil in the amount of $56,601.84 or fifteen percent (15%) of the remaining Interpled Funds;

3.      The Clerk shall issue a check to Tara Petitclerc and her attorney R. Donald McNeil in the amount of $56,601.84 or fifteen percent (15%) of the remaining Interpled Funds;

4.      That Debra Clasen is hereby declared to be the lawful spouse of Darwin Petitclerc pursuant to the laws of the State of Texas;

5.      All personal property shall be distributed as set forth in Exhibit A;

6.      Each party shall bear her own attorneys fees and costs.

The Court retains jurisdiction over the parties at their request in order to enforce the settlement until performance in full of its terms.

Dated: ~~April    , 2007~~
       May 4, 2007

HONORABLE JAMES WARE
JUDGE OF THE UNTIED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

KELLY JACKSON &
CHRISTIANSON, LLP

Case No. C 05 02310 MJJ

U.S. District Court - Northern District

## PROOF OF SERVICE BY MAIL
[FRCivP 5(b)]

I am employed in the County of Sonoma, California. I am over the age of eighteen years and not a party to the within entitled cause; my business address is 100 B Street, Suite 430, Santa Rosa, California 95401. I am readily familiar with my employer's business practice for collection and processing of correspondence for mailing with the United States Postal Service, such correspondence would be deposited with the United States Postal Service that same day in the ordinary court of business.

On the date of execution of this declaration, I served the attached:

## **STIPULATION AND JUDGMENT**

on the interested parties in said cause, addressed as follows:

Brian K. Mazen, Esq.                          *Attorney for Plaintiff Union Security Insurance*
Frederic Esrailian, Esq.                      *213-620-0300*
Meserve, Mumper & Hughes LLP                  *213- 625-1930 Fax*
300 South Grand Ave, 24th Floor
Los Angeles, CA 90071-3185

R. Donald McNeil, Esq.                        *Attorneys for Defendants Dawn Michelle*
Laura Liccardo, Esq.                          *Petitclerc and Tara Petitclerc*
Ferrari Ottoboni, LLP                         *(408) 280-0535*
333 W. Santa Clara St., Ste 700               *(408) 280-0151 Fax*
San Jose, CA 95113-1716

_X_ (BY MAIL) I placed each such sealed envelope, with postage thereon fully prepaid, on the date of execution of this declaration, with our office outgoing mail following ordinary business practices.

____ (BY PERSONAL SERVICE) I caused each such envelope to be delivered by hand to the addressee(s) noted above.

____ (BY FACSIMILE) I caused the said document to be transmitted by Facsimile machine to the number indicated above.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on April 27, 2007, at Santa Rosa, California.

*Linda Moldrem*
Linda Moldrem

KELLY JACKSON &
CHRISTIANSON, LLP

Case No. C06 06905 JW (RS)      Stipulation and Judgment                              Page 5

**EXHIBIT A**

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE OF ALL CLAIMS

This agreement and release is made by and between Debra Clasen [hereinafter, "CLASEN"], and Dawn Petitclerc and Tara Petitclerc [hereinafter collectively, "PETITCLERCS"].

### Recitals

Darwin Petitclerc was the father of PETITCLERCS and died intestate;

Darwin Petitclerc had a life insurance policy through his employer for which he failed to designate a beneficiary;

According to the insurance contract, in the event of failure to designate a beneficiary, the benefits would be paid to the legal spouse, and if there is no legal spouse, to the insured's children;

PETITCLERCS claimed entitlement to the policy proceeds, reasonably believing that their father was unmarried at the time of his death;

CLASEN claimed entitlement to the policy proceeds as the common law wife of Darwin Petitclerc under Texas law;

Union Security Insurance Company filed a Complaint in Interpleader against CLASEN and PETITCLERCS in the United States District Court for the Northern District of California, Case No. C06-06905 JW (RS) [hereinafter, the "Action"], and deposited the sum of $374,144.86 with the Clerk of that court, constituting the full life insurance benefits plus accrued interest;

Pursuant to the executed Stipulation and Order re: Discharge of Union Security Insurance Company, the sum of $4,500.00 has been or will be deducted from said proceeds as and for Union Security's attorneys fees and costs incurred in filing and serving the Complaint in Interpleader;

Both CLASEN and PETITCLERCS desire conclusion of all disputes with respect to the insurance policy proceeds, as well as any and all rights and interests in any other property which may be claimed through Darwin Petitclerc, and seek to avoid litigation of this and any other claims which may exist between the parties.

NOW THEREFORE IT IS HEREBY UNDERSTOOD AND AGREED AS FOLLOWS:

1. The insurance policy proceeds (including all accrued interest and less Union Security's $4,500.00) will be divided, and ordered paid, as follows:

Seventy percent (70%) to Debra Clasen and her attorneys, Eustorgio Perez, Esq. and Clay Christianson, Esq.

Page 1 of 6

EXHIBIT A

Thirty percent (30%) to Dawn Petitclerc and Tara Petitclerc, and their attorney, R. Donald McNeil, Esq.

2. PETITCLERCS retain the $20 coin necklace, the diamond earring and the ruby earring given to Darwin Petitclerc by CLASEN;

3. CLASEN will gather the following items and place them near the piano for collection and transport by a company paid for and arranged by PETITCLERC at a mutually convenient time:

1) The gold man's ring which previously belonged to Doug;
2) Gold plated pocket knife with 3 diamonds in the handle (if found):
3) The 2 ivory pendants Darwin intended to give Dawn and Tara on their 21st birthday (set in fine silver with an eagle in flight in scrimshaw);
4) Brown leather picture album with baby pictures of Darwin and his brother, Drew, and all other photo albums and photographs of the family;
5) All remaining 45 rpm records in the collection Darwin's mother gave Darwin just before he moved to Texas;
6) The antique Kimball upright piano with ivory keys;
7) The copper lined night stand originally used to hold tobacco;
8) The small, round, antique, leather-topped end table;
9) The gold plated Hummel Christmas decorations;
10) Dawn's artwork on the walls [specifically, the pencil drawing she had done in junior high school];
12) Darwin's custom made dry suit (believed to be ScubaPro), his regulators and air tanks [which CLASEN believes Darwin gave to Tom Nye];
13) Darwin's leather jacket and wet suit;
14) PETITCLERCs' baby and childhood items and memoirs remaining in Texas;
15) Washburn acoustic guitar.

CLASEN further represents and warrants that she does not possess, nor does she know the present holder of, the Gibson Les Paul Deluxe electric guitar or Tara's Sony Vaio laptop requested by PETITCLERCS.

3. CLASEN waives any right or interest to the motor home (and/or its sale proceeds) in which Darwin Petitclerc resided while in California.

4. CLASEN shall be entitled to recover, as her separate property, the toolbox (together with the tools therein) presently located at Trifornix, Inc. In Santa Rosa, California, and, notwithstanding the provisions of paragraph 6 herein below, PETITCLERCS waive any claims thereto.

5. PETITCLERCS will not object to any effort made by CLASEN to be legally recognized as Darwin Petitclerc's spouse, including but not limited to amending the Certificate of Death presently on file in the State of California, and stipulate that the court may declare CLASEN as Darwin Petitclerc's widow.

6. Despite legal cognition as Darwin Petitclerc's spouse, CLASEN represents and warrants that she will not make any claim to any other property in California, except for the tool box and tools referred in paragraph 4 hereinabove, and specifically waives any community or other interest through Darwin Petitclerc in any inheritance, gift or other asset in California.

7. PETITCLERCS waive any right or interest through Darwin Petitclerc to the house in Texas, and any other assets in Texas [other than those in Paragraph 2, which are awaiting transport.]

8. PETITCLERCS allow CLASEN to initiate probate proceedings for the Estate of Darwin Petitclerc in Texas, and waive all rights and interest in such probate proceeding, including notices therein. All creditors' claims presented in said proceeding will be borne exclusively by CLASEN, as well as all probate fees and costs.

9. CLASEN will indemnify and hold PETITCLERCS harmless of and from any and all credit card debt, obligations, back taxes, IRS liens, mortgage loans, deeds of trust, and any other creditor asserting rights or claims against Darwin Petitclerc and/or his Estate.

10. Counsel for CLASEN will prepare and present, subject to approval by PETITCLERC counsel, all petitions, motions, requests and orders necessary to effectuate conclusion of the Action and disbursement of the insurance proceeds at CLASEN's sole expense.

11. Each party will be responsible for her own attorneys' fees and costs.

IN AND FOR CONSIDERATION of the foregoing agreements, CLASEN does hereby, for herself and for her heirs, administrators, executors, successors and assigns, release, acquit, and forever discharge PETITCLERCS and their agents, associates, servants, successors, heirs, executors, administrators, assigns, and attorneys of and from any and all claims, actions, causes of action, demands, rights, damages, costs, expenses, compensation and sums of money of every kind and character, whether based on contract, tort, statute, or other legal or equitable theory of recovery, which the undersigned now has or which may hereafter accrue on account of or in any way arising out of asserted rights and interests in the property of Darwin Petitclerc, deceased, and the Action, specifically including, but not limited to, any claim of malicious prosecution arising out of the PETITCLERCS' Cross Claim in the Action.

IN AND FOR CONSIDERATION of the foregoing agreements, PETITCLERCS do hereby, for themselves and for their heirs, administrators, executors, successors and assigns, release, acquit, and forever discharge CLASEN and her agents, associates, servants, successors, heirs, executors, administrators, assigns, and attorneys of and from any and all claims, actions,

causes of action, demands, rights, damages, costs, expenses, compensation and sums of money of every kind and character, whether based on contract, tort, statute, or other legal or equitable theory of recovery, which the undersigned now has or which may hereafter accrue on account of or in any way arising out of asserted rights and interests in the property of Darwin Petitclerc, deceased, and the Action.

IT IS FURTHER UNDERSTOOD AND AGREED that this is a full and final Release applying to all unknown and unanticipated injuries or damages, including any and all claims now existing or which may arise in the future, arising out of the circumstances surrounding the Recitals herein, as well as those not known or disclosed; each undersigned expressly waives any right or claim of right to assert hereafter that any claim, demand, obligation and/or cause of action has, through ignorance, oversight or error, been omitted from the terms of this Agreement. It is the express intent of the undersigned to waive any and all claims that she has or may have against the persons released herein, including any which have not yet matured or are unrealized, unknown, unsuspected, unanticipated or undisclosed. The provisions of Civil Code §1542 of the State of California are hereby **expressly waived**. Said Section reads as follows:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH A DEBTOR.**

The undersigned further declares and represents that no promise or inducement or agreement not herein expressed has been made. This release contains the entire agreement between the parties hereto and the terms hereof are contractual and not a mere recital.

This Release shall in all respects be interpreted, enforced and governed by the laws of the State of California applicable to agreements made in this state by residents of this state. The parties agree that the courts of the State of California in Santa Clara County have exclusive jurisdiction over such enforcement, and expressly waive all jurisdictional and venue challenges to said courts. The parties further agree that if it is determined by any court of competent jurisdiction that any provision hereof is unenforceable, the remaining provisions of this Agreement shall nonetheless remain in full force and effect.

Breach of any provision of this Settlement Agreement and Release shall constitute an independent basis for prosecution of rights against the individual so breaching, entitling the prevailing party thereunder to attorneys' fees and costs in an amount to be awarded by the court.

This Settlement Agreement and Release shall become effective upon execution hereof by all parties, which may be accomplished by way of counterparts, the originals to be retained by the Eustorgio Perez, Esq. Execution may be effected by facsimile transmission to Clay Christianson, Esq., provided that the manually-signed document is provided within the ordinary course of business. Upon receipt of all original signature pages, Eustorgio Perez, Esq. will

Page 4 of 6

provide a completely executed copy of this Settlement Agreement and Release to counsel for PETITCLERC.

The parties hereby acknowledge that they have read this agreement, and that prior to signing this Agreement, they have been fully advised by their respective counsel as to all of the terms and conditions contained herein, and each provision herein, and that they fully know and understand and appreciate the contents and effect thereof, that this is a full and final release and settlement of all matters referred to herein, and that they make this settlement provided for herein voluntarily and of their own free will and accord.

THE UNDERSIGNED HAS READ THE FOREGOING RELEASE AND FULLY UNDERSTANDS IT.

IN WITNESS WHEREOF, the undersigned have executed this Agreement on the dates set forth below.

Dated: 2/22/07

DEBRA CLASEN

STATE OF TEXAS                          )
                                        )
COUNTY OF\WEBB                          )

On FEBRUARY 22, 2007 before me, Elizabeth Villarreal, notary public in and for the State of Texas, personally appeared, DEBRA CLASEN, of 521 W. Avon Ct., Laredo, Texas, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Signature Elizabeth Villarreal _____ (Seal)

ELIZABETH VILLARREAL
Notary Public, State of Texas
My Commission Expires
October 13, 2010

Dated: 2/26/07

DAWN PETITCLERC

STATE OF CALIFORNIA        )
                           )
COUNTY OF  SANTA CRUZ      )

On FEB. 26, 2007 before me,  NICK LUCCHESI, NOTARY PUBLIC (here insert name and title of the officer), personally appeared DAWN PETITCLERC _____ _____, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Signature _____(Seal)

NICK LUCCHESI
Commission # 1674140
Notary Public - California
Santa Cruz County
My Comm. Expires Jun 10, 2010

Dated: 2/28/07

TARA PETITCLERC

STATE OF CALIFORNIA        )
                           )
COUNTY OF SACRAMENTO       )

On FEB 28/07 before me, LAILENE VILLARET WIGGINS _____ (here insert name and title of the officer), personally appeared TARA PETITCLERC _____ _____, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Signature _____ (Seal)

LAILENE VILLARET WIGGINS
Commission # 1690309
Notary Public - California
Sacramento County
My Comm. Expires Aug 28, 2010

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA


UNION SECURITY INSURANCE
COMPANY,

Case Number: CV06-06905 JW

                Plaintiff,

**CERTIFICATE OF SERVICE**

v.

DAWN MICHELLE PETITCLERC
                Defendant.
_____/


I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District
Court, Northern District of California.

That on May 4, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said
copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing
said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery
receptacle located in the Clerk's office.

Brian Keith Mazen
Meserve Mumper & Hughes LLP
300 South Grand Avenue, Suite 2400
Los Angeles, CA 90071

Clay J. Christianson
Kelly Jackson Christianson & Smith, LLP
100 B Street, Suite 430
Santa Rosa, CA 95401

Eustorigo Perez
Law Offices of Eustorigo Perez
1102 Scott Street, Suite A
Laredo, TX 78040

Frederic Esrailian M
Attorney at Law
300 South Grand Ave.
Suite 2400
Los Angeles, CA 90071

Laura Liccardo
Ferrari Ottoboni LLP
333 W. Santa Clara St., Ste. 700
San Jose, CA 95113-1716

Roderick Donald McNeil
Ferrari Ottoboni LLP

333 W. Santa Clara St., Ste. 700
San Jose, CA 95113

Finance Office
450 Golden Gate Ave 36060
San Francisco, CA 94102

Dated: May 4, 2007

Richard W. Wieking, Clerk

By: Elizabeth C. Garcia, Deputy Clerk

2